# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERALD HALL, JR., | Civil Action No. 14 – 988 |
| Plaintiff, | |
| | District Judge Maurice B. Cohill |
| v. | Chief Magistrate Judge Lisa Pupo Lenihan |
| ROBERT GILMORE, | |
| Defendant. | |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the following reasons, it is respectfully recommended that, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), Plaintiff's Complaint be dismissed as frivolous.

### II. REPORT

Gerald Hall ("Plaintiff") is a state prisoner currently confined at SCI-Greene. He filed with the Eastern District of Pennsylvania on July 7, 2014, a prisoner civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Finding that venue was improper in the Eastern District, that court transferred the case to this Court stating that "the events or omissions giving rise to plaintiff's claims occurred at SCI-Greene, which is located in the Western District of Pennsylvania." (ECF No. 3.)

This Court is required to review Plaintiff's complaint in accordance with the amendments promulgated in the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-34, 110 Stat. 1321 (1996). Pertinent to the case at bar is the authority granted to federal courts for *sua sponte*

1

screening and dismissal of prisoner claims. Specifically, Congress significantly amended Title 28 of the United States Code, section 1915, which establishes the criteria for allowing an action to proceed *in forma pauperis* ("IFP"), *i.e.*, without prepayment of costs. Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons who are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claims on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Plaintiff is considered a "prisoner" as that term is defined under the PLRA and the Eastern District has already granted him leave to proceed *in forma pauperis* in this action. Thus, the Court must review his allegations in accordance with the directives provided in 28 U.S.C. § 1915(e).

In his complaint, Plaintiff claims that the sentencing he is currently serving is invalid and seeks, among other things, an order that he be released from custody. Specifically, he alleges that he is being unlawfully detained without a valid Judgment of Sentencing order from the state court in which he was convicted. He claims that he requested the state court's written order of sentencing on file with the Department of Corrections' ("DOC") Records Office but was told that it did not exist and that he was being held by the DOC on the authority of the certified DC-300B Court Commitment form prepared by the Office of the Clerk of Courts in the sentencing county. Plaintiff claims that without the court's written order of sentencing then the DC-300B form is nothing more than a "Warrant of Commitment" that does not make his incarceration lawful.

Pursuant to Heck v. Humphrey, 512 U.S. 477, 487 (1994), a plaintiff cannot recover under § 1983 for alleged wrongful incarceration unless he proves that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state

tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. In considering Heck and summarizing the interplay between habeas and § 1983 claims, the United States Supreme Court has explained that "a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of the confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005).

There is no question that granting Plaintiff his requested relief would necessarily imply the invalidity of his sentence since he argues that his sentence is void without the written sentencing order from the sentencing court. The issue he presents must be addressed through the appellate and habeas processes in the first instance. *See* Preiser v. Rodriguez, 411 U.S. 475 (1973); *see also* Torrence v. Thompson, 435 F. App'x 56 (3d Cir. 2011). A civil rights action raising these claims cannot be maintained unless Plaintiff's conviction is reversed on direct appeal or impaired by collateral proceedings. Accordingly, this case should be dismissed as frivolous. *See* Neitzke v. Williams, 490 U.S. 319, 325 (1989) (An appeal is frivolous when it lacks an arguable basis in law or fact).

### III.  CONCLUSION

For the reasons set forth above, it is respectfully recommended that, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), Plaintiff's Complaint be dismissed as frivolous.

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen (14) days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have fourteen (14) days from the

date on which the objections are served to file its response. A party's failure to file timely objections will constitute a waiver of that party's appellate rights.

Dated: July 28, 2014

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc: Gerald Hall, Jr.
BT-5575
SCI-Greene
175 Progress Drive
Waynesburg, PA 15370
*(Via First Class Mail)*